UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25
PENSION FUNDS, et al.,

                  Plaintiffs,             No. 07-CV-10882-DT

vs.                                     Hon. Gerald E. Rosen

STEEL ENTERPRISES, INC.,
JOHN MCGUIRE and DAN MCGUIRE,

                  Defendants.

_____/

OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND COMPLAINT TO ADD DEFENDANTS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      September 30, 2008

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

## I. INTRODUCTION

This ERISA contribution action is presently before the Court on the Plaintiff

Pension and Benefit Funds' Motion for Leave to File an Amended Complaint, seeking to

add as party-defendants, two additional entities: "Dan McGuire d/b/a Structural Steel

Consulting, Inc."[1] and "Structural Steel Consultants, Inc."  This amendment is based

upon information that was revealed during the deposition of current defendant, Dan

---

[1] Notwithstanding the "inc." designation in this assumed name, this company is not a corporation.  Therefore, when referring to this "d/b/a," the Court will refer to it only as "Structural Steel Consulting."

McGuire, suggesting that Structural Steel Consulting and Structural Steel Consulants, Inc., which are both owned by Dan McGuire, are alter egos of current corporate defendant, Steel Enterprises, Inc.

## II. FACTUAL BACKGROUND

The Iron Workers' Local 25 Pension and Benefit Funds originally filed this action against Steel Enterprises, Inc., and its owners/operators, John and Dan McGuire, seeking to recover from these Defendants unpaid employee benefit contributions due and owing to the Funds. According to Plaintiffs' Complaint, Steel Enterprises, Inc. is a signatory contractor with the Iron Workers' Local 25 Union and owes certain fringe benefit contributions on behalf of each of its employees doing work covered by the applicable Collective Bargaining Agreement ("CBA"). Plaintiffs further allege that Defendants Dan and John McGuire are ERISA fiduciaries and, as such, are personally liable for the unpaid fringe benefit contributions, pursuant to 29 U.S.C. § 1109.

Defendant Dan McGuire has owned various steel fabrication/erection entities in addition to Steel Enterprises, Inc. The record reveals that in 2004, a judgment was entered against "McGuire Steel Erection, Inc." for unpaid contributions to the Plaintiff Funds, and against Dan McGuire, individually, for breach of his fiduciary duties under ERISA. *See Iron Workers' Local 25 Pension Fund, et al. v. McGuire Steel Erection, Inc.*, 357 F.Supp. 2d 794 (E.D. Mich. 2004). McGuire Steel Erection apparently has ceased doing business. However, in 2007, the court in *Operating Engineers Local 324 Pension Fund v. Steel Enterprises, et al.*, E.D. Mich. No. 05-10275 (Taylor, J.),

determined that Steel Enterprises, Inc., the Defendant in this action, was the "alter ego"

and legal successor of McGuire Steel Erection.

Then, during discovery in this case, Plaintiffs became aware that Dan McGuire

was operating two more related businesses -- Structural Steel Consulting (an

unincorporated entity) and Structural Steel Consultants, Inc. -- and that these entities

have been doing steel work covered by the Iron Workers Collective Bargaining

Agreement.  Plaintiffs claim that these companies are merely alter egos of Defendant

Steel Enterprises and contend McGuire has been shifting the work assignments from

Steel Enterprises to these other companies so as to enable him to choose when and when

not to have to abide by the Collective Bargaining Agreement.  Under this alter ego

theory, Plaintiffs now seek to add Structural Steel Consulting and Structural Steel

Consultants, Inc. as party-defendants in this ERISA contribution action.

## II.  DISCUSSION

In *Wilson v. International Brotherhood of Teamsters*, 83 F.3d 747 (6th Cir. 1996),

the Sixth Circuit explained that "[t]he alter ego doctrine is most commonly used in labor

cases to bind a new employer that continues the operations of an old employer in those

cases where the new employer is 'merely a disguised continuance of the old employer.'"

*Id.* at 759.  The test to determine whether one entity is merely an alter ego of another is

"whether the two enterprises have substantially identical management, business, purpose,

operation, equipment, customers, supervision and ownership."  *Id.*

In his November 12, 2007 deposition, Defendant Dan McGuire testified to a

number of attributes of Structural Steel Consulting and Structural Steel Consultants, Inc. which suggest that these two entities may be deemed "alter egos" of Steel Enterprises.

McGuire admitted in his deposition that he owns and/or operates or has operated all three of these entities. All of these entities are engaged in steel fabrication, furnishing and erection. He further testified that much of the equipment that Structural Steel Consulting/Structural Steel Consultants[2] has is equipment from McGuire Steel. (As indicated above, current Defendant Steel Enterprises, Inc. has already been adjudicated to be the alter ego of McGuire Steel.) He further testified to the intertwining nature of his three companies with regard to work. McGuire testified that he would pay all costs and employees' wages for work done by Steel Enterprises through Structural Steel Consultants.

Furthermore, records of the Michigan Corporation Bureau show the same address for Structural Steel Consultants and Steel Enterprises, Inc.

Based upon the foregoing, the Court finds that Plaintiffs have shown sufficient good cause for their proposed amendment to their Complaint in this action.

Fed. R. Civ. P. 15 provides, in relevant part:

[A] party may amend the party's pleading. . . by leave of court or by written consent of the adverse party; and leave shall be freely given where justice requires.

As explained in *Ed v. Timkin Roller Bearing*, 486 F.2d 870 (6th Cir. 1973),

---

[2] McGuire testified that he Structural Steel Consultants is actually the duly incorporated Structural Steel Consulting. He testified that the latter name was already used by another Michigan corporation so he formed Structural Steel Consultants to take advantage of the corporate shield that was unavailable to him as a d/b/a.

pursuant to Rule 15, the federal courts are obligated to freely allow amendments to pleadings. However, a court may deny leave to amend if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors is present here.

There has been no undue delay on Plaintiffs' part in seeking leave to amend. Plaintiffs filed their motion less than two months after Dan McGuire's deposition. Nor have Plaintiffs acted in bad faith. Inasmuch as Plaintiffs' alter ego theory for adding Structural Steel Consulting and Structural Steel Consultants as party-defendants is supported by the evidence adduced at McGuire's deposition, there can be no suggestion that Plaintiffs acted in bad faith in seeking this amendment.

Nor has there been any dilatory motive on the part of Plaintiffs. Amendment is not being sought for purposes to delay these proceedings. Further, the amendment is not being sprung on Defendants by surprise. Indeed, given that the amendment is based on Defendant McGuire's own testimony, the amendment requested by Plaintiffs should come as no surprise to Defendants.

Although Defendants argue that Structural Steel Consulting and Structural Steel Consultants will be prejudiced by the amendment because discovery has closed and Plaintiffs have already filed a motion for summary judgment, and, therefore, the newly added entities risk being held liable for a summary judgment monetary award without having had an opportunity to defend against it, the Court finds that any such prejudice

can be easily cured by a brief extension of deadlines.

For all of these reasons, the Court will grant Plaintiffs' motion for leave to amend their complaint as proposed, but will also dismiss Plaintiffs' pending motion for summary judgment to allow a 30-day period for any necessary discovery.

CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend their Complaint [Dkt. # 15] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment [Dkt. # 16] is dismissed, without prejudice.

IT IS FURTHER ORDERED that the parties may have until October 31, 2008 to conduct any needed additional discovery with regard to the addition of the two-new party defendants. At the close of this discovery period, Plaintiffs' may re-file their motion for summary judgment.

SO ORDERED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager